**Submitted by:**
Frances M. Campbell (SBN 211563)
fcampbell@campbellfarahani.com
Nima Farahani (SBN 244492)
nfarahani@campbellfarahani.com
JoAnne E. Belisle (SBN 286419)
jbelisle@campbellfarahani.com
**CAMPBELL & FARAHANI, LLP**
15233 Ventura Boulevard, Suite 408
Sherman Oaks, California 91403
Telephone: (818) 999-4242
Facsimile: (818) 999-4246

Attorneys for Plaintiff/Creditor Willie Phelps

**FILED & ENTERED**

**SEP 21 2018**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** tatum **DEPUTY CLERK**

**CHANGES MADE BY COURT**

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA LOS ANGELES DIVISION

| | |
|---|---|
| In re: | CASE NO.: 2:16-bk-16503-RK |
| | ADV. CASE NO.: 2:16-ap-01388-RK |
| REGGIE BISHOP | Chapter 7 |
| Debtor. | **ORDER ON MOTION TO SUBSTITUTE SUCCESSORS IN INTEREST AS PLAINTIFFS, DUE TO DEATH OF ORIGINAL PLAINTIFF** |
| _____ | |
| WILLIE PHELPS | |
| | Hearing Date: September 18, 2018 |
| Plaintiff, | Time: 2:30 p.m. |
| | Department: 1675 |
| v. | |
| | Action filed: August 22, 2016 |
| | Trial date: February 1, March 8, 2018 |
| REGGIE LYN BISHOP, SR. aka REGGIE L. BISHOP aka REGGIE BISHOP, | |
| Defendant. | |
| _____ | |

- 1 –

On September 18, 2018, in Courtroom 1675 of the above-entitled Court, Plaintiff's successors in interest Thomas Patton's and Audrey Patton's Motion for an Order substituting Plaintiff Willie Phelps's successors in interest Thomas Patton and Audrey Patton as the Plaintiffs in this action (hereinafter, the "Motion") in place of Plaintiff Willie Phelps due to the death of the original Plaintiff came on regularly for hearing. Alexander G. Boone of Campbell & Farahani, LLP appeared on behalf of Plaintiff Willie Phelps. Reggie Bishop appeared in *pro per*.

The Court, having reviewed all papers in support of and in opposition to the Motion, and oral argument having been received by the Court, for the reasons stated on the record at the hearing and in the court's tentative ruling posted on the court's website before the hearing (copy attached hereto), the Court ORDERS as follows: The Motion to substitute Plaintiff Willie Phelps's successors in interest Thomas Patton and Audrey Patton as the Plaintiffs in this action in place of Plaintiff Willie Phelps is GRANTED. Successors in interest Thomas Patton and Audrey Patton are hereby substituted as the Plaintiffs in this action in place of Plaintiff Willie Phelps.

IT IS SO ORDERED.

###

Date: September 21, 2018

_____
Robert Kwan
United States Bankruptcy Judge

ATTACHMENT

TENTATIVE RULING FOR HEARING ON SEPTEMBER 18, 2018

Grant motion to substitute proper party plaintiffs pursuant to FRBP 7025 and FRCP 25(a)(1). Movants Thomas Patton and Audrey Patton seek to substitute in as the proper plaintiff under FRCP 25(a)(1) which states, "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution maybe made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Defendant argues that the because plaintiff died on May 1, 2018 and the Motion to Substitute was fled on August 17, 2018, movants do not meet the 90-day requirement of Rule 25(a)(1). "[T]he rule requires two affirmative steps in order to trigger the running of the 90 day period. First, a party must formally suggest the death of the party upon the record…. Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Barlow v. Ground*, 39 F. 3d 231, 233 (9th Cir. 1994) (internal citations omitted). "The running of the ninety-day limitations period under Rule 25(a)(1) is not triggered unless a formal suggestion of death is made on the record, regardless of whether the parties have knowledge of a party's death." *Grandbouche v. Lovell*, 913 F.2d 835, 836 (10th Cir.1990). "Mere reference to a party's death in court proceedings or pleadings is not sufficient to trigger the limitations period for filing a motion for substitution." *Id*. at 836-837. In this case, there is no evidence that (1) a party formally suggested the death of plaintiff upon the record or (2) parties were served with the suggestion of death to trigger the 90-day deadline. The motion is thus timely, and movants have demonstrated that under state law they are entitled to substitute as plaintiff's successors. Appearances are required on 9/18/18, but counsel may appear by telephone.